## S. A. Luz Eléctrica *v.* The People of Porto Rico.

### Appeal from the District Court of San Juan.

No. 4.—Decided June 17, 1903.

Taxes—Errors and Frauds Against the Public Revenues—The power to correct errors and prosecute frauds that may have been committed by taxpayers to the prejudice of the revenues, inheres in all fiscal administrations, the consent of the former fiscal authorities being no bar to such correction and prosecution at any time.

Id—Sociedades Anónimas—Electric lighting companies known as *sociedades anónimas* must be classified as stock companies for the purposes of taxation.

Companies—Annual Balance Sheets—Companies which do not send in to the Treasury Department certified copies of their annual balance sheets within the fifteen days following the approval of the same, incur the administrative penalty provided for in paragraph 1 of article 145 of the Regulations governing the matter and incur the liability provided for by article 149 of said Regulations.

Taxes—Stock Companies—In the case of stock companies taxes must be based upon the total amount of net profits.

### STATEMENT OF THE CASE.

This is a "litigative-administrative" action between the People of Porto Rico, represented by Emilio del Toro, Assistant Attorney General, and the "Sociedad Anónima de Luz Eléctrica", represented by Manuel F. Rossy, Esq., pending before us on appeal for reversal of a judgment rendered by the District Court of San Juan, which literally reads as follows:

"In the City of San Juan, Porto Rico, July 26, 1901. In view of these "litigative-administrative" proceedings instituted by. Manuel F. Rossy, attorney-at-law, representing the stock company known as "Sociedad Anónima de Luz Eléctrica", doing business in this City, against a decision of the Treasurer of Porto Rico, in regard to the collection of taxes.

The "Sociedad Anónima de Luz Eléctrica" of this City, had been paying an annual tax of sixty *pesos*, provincial money, and three *pesos* as an additional charge, the latter being five per cent thereon for collection, the whole being equal to thirty-seven dollars, and eighty cents United States currency, by reason of its being included under paragraph 58, schedule 2, of the Industrial Tax Regulation, as a house lighting enterprise. On August 16, 1900, the Treasurer of Porto Rico requested said company to produce its balance sheets for the years 1898 and 1899, as approved by the general boards of stock

resolviendo con arreglo á ellos, en 23 de Agosto de 1900, que dicha empresa debía pagar el seis por ciento de las utilidades líquidas, con arreglo al número 3 de la Tarifa 2ª, imponiendo además un recargo por igual cuota dejada de pagar, ascendente á mil veinte y cinco pesos cuatro centavos americanos, de los que deben deducirse las dos cuotas que con arreglo á la anterior clasificación pagara dicha Sociedad, la que apeló según el párrafo 3 del artículo 105 del Reglamento de la Contribución Industrial, resolviendo el Tesorero el 4 de Septiembre del antes citado año, confirmando su determinación y que si se consideraba agraviada acudiera á los Tribunales, según así aparece del expediente.

*Resultando:* que el Letrado Don Manuel F. Rossy, á nombre de Don Ramón Valdés, Presidente de la Sociedad referida, después de alegar la competencia del Tribunal para conocer de la demanda, sostiene que la resolución reclamada, reune los requisitos marcados en el artículo 1 de la Ley de lo Contencioso, explicado en el 2, quedando acreditada la personalidad de Valdés, y haberse interpuesto el recurso dentro de los tres meses legales, porque la resolución de la Tesorería es de 4 de Septiembre y el auto de admisión del recurso contencioso de 3 de Octubre; formaliza la demanda fundado en los siguientes hechos: que la Luz Eléctrica pagó desde 1893 sesenta pesos anuales de comtribución, según el número 58, Tarifa 2ª, con el asentimiento de la Administración pública, confesando la Administración esa contribución por los años 1898 á 1900; que la Tesorería pidió los dos últimos balances aprobados en Junta General de 1898 y 1899 y de ellos deduce la contribución que cree debe pagar dicha Sociedad, ó sea: por el año 1898, 6% sobre el beneficio líquido que, según balance es de cuatro mil trescientos veinte y un pesos treinta y dos centavos, doscientos cincuenta y nueve pesos veinte y ocho centavos; 5% de recaudación, doce pesos noventa y seis centavos. Recargo por igual cuota dejada de pagar, doscientos cincuenta y nueve pesos veinte y ocho centavos: Total, quinientos treinta y un pesos ciucuenta y dos centavos. Por el año 1899, 6% por beneficio líquido, que es de nueve mil quinientos sesenta y ocho pesos trece centavos, quinientos setenta y cuatro pesos nueve centavos; 5% de recaudación, veinte y ocho pesos setenta centavos. Recargo por igual cuota, quinientos setenta y cuatro pesos nueve centavos, total: mil ciento setenta y seis pesos ochenta y ocho centavos; lo que hace un total de mil setecientos ocho pesos cuarenta centavos provinciales, que son mil veinte y cinco pesos cuatro centavos americanos, de cuya cantidad deduce la Tesorería las dos cuotas pagadas por el demandante, siendo el fundamento del reclamo que el número 58, Tarifa 2ª, tiene una nota que dice: "Las Sociedades Anónimas de estas Empresas pagarán como tales", y por ello le reclama, según el número 3 de la Tarifa B, que dice: "Las Sociedades por acciones pagarán el 8% de sus utilidades líquidas, el cual se redujo luego al 6%, que el actor pagó la contribución

holders, and on August 23, 1900, in view thereof, decided that said company should pay six per cent of its net earnings in accordance with paragraph 3 of schedule 2, and imposed an additional charge for the same proportion of taxes that had been left unpaid, amounting to one thousand and twenty-five dollars, and four cents United States currency, from which were to be deducted the two assessment paid by the company under the previous classification. The company appealed to the Insular Treasury Department under paragraph 3 of article 105 of the Industrial Tax Regulation, and the Treasurer, on the 4th of September of the same year, decided the matter by affirming his decision, and holding that if the company felt itself aggrieved it could apply to the courts for redress, as appears from the record.

From this decision Manuel F. Rossy, on behalf of Ramón Valdés, president of the aforesaid company, after alleging that the court had jurisdiction to take cognizance of the complaint, maintained that the decision appealed from complied with the requirements set forth in section 1 of the Law of "litigative-administrative" actions as explained under section 2, the capacity of Valdés having been proved, and the action instituted within the legal period of three months, because the decision of the Treasury is dated September 4, and the order admitting the "litigative-administrative" action was made on the 3rd of October. The complaint is based upon the following facts: That the "Luz Eléctrica" had paid from the year 1893 an annual tax of sixty *pesos,* under paragraph No. 58, schedule 3, with the consent of the Administration, the latter having acknowledged the receipt of said tax for the years 1898 to 1900; that the Treasurer called for the last two balance sheets of 1898 and 1899, approved by the general board, and from them estimated the tax which he believes the company should pay, namely: for the year 1898, six per cent on the net earnings, which, according to the balance-sheets amounts to four thousand three hundred and twenty-one *pesos,* and thirty-two *centavos;* two hundred and fifty-nine *pesos,* and twenty-eight *centavos;* five per cent collection fees, twelve *pesos* and ninety-six *centavos;* an additional charge for a like unpaid quota, two hundred and fifty-nine *pesos* and twenty-eight *centavos,* making a total of five hundred and thirty-one *pesos,* and fifty two *centavos.* For the years 1899, six per cent on the net earnings amounting to nine thousand five hundred and sixty-eight *pesos* and thirteen *centavos,* five hundred and seventy-four *pesos* and nine *centavos;* five per cent collection fee twenty-eight *pesos* and seventy *centavos.* An additional charge for a like quota, five hundred and seventy-four *pesos* and nine *centavos;* total, one thousand one hundred and seventy-six *pesos,* and eighty-eight *centavos;* thus making a grand total of one thousand seven hundred and eight *pesos* and forty *centavos* provincial money, equal to one thousand and twenty-five dollars and four cents, United States currency, from which sum the Treasury deducts the two quotas paid by the plaintiff, the ground for this

reclamada y estableció el presente recurso que, admitido, formaliza la demanda; que de los cuatro mil trescientos veinte y un pesos veinte y dos centavos del balance del 98, hay que deducir la retribución á la Directiva y lo correspondiente al fondo de reserva, por no ser esas partidas utilidad líquida siendo la repartida, tres mil ciento veinte y cinco pesos; y de los nueve mil quinientos setenta y ocho pesos trece centavos del balance del 99, hechas esas deducciones, sólo se repartieron siete mil quinientos pesos; siendo los fundamentos legales que antes pagaba con arreglo al número 58, Tarifa 2ª, Letra A; que la Tesorería se fija en la nota del número 58 para resolver pague como Sociedad Anónima, según el número 3, letra B, interpretando la Tesorería que la palabra "tales" se refiere á Sociedades Anónimas, lo que no es gramatical ni legal; que tampoco puede aplicarse á los dos años 98 y 99 que terminaron y se cobraron, aceptándola la Administración, que no puede ir contra sus propios actos; que la investigación de contribuciones se refiere al año corriente y no á los anteriores, según el artículo 105 del Reglamento, y si pudiera hacerlo sólo podría reclamar desde el 18 de Octubre de 1898 que comenzó la Administración Americana; que las utilidades líquidas calculadas por la Administración no son exactas por ser utilidades las que se reparten; que el recargo se impone arbitrariamente según el caso 2º del Artículo 149 del Reglamento, Párrafo 1 del 145 y el 105, y solicita se deje sin efecto la resolución reclamada, declarando que la Luz Eléctrica sólo debe pagar la contribución del número 58, Tarifa 2ª, por los años de 1898 y 1899 y lo que va del corriente, y si prevalece el criterio de la Tesorería que solo pague su nueva contribución desde el presente año, sobre las verdaderas utilidades líquidas que son las que se reparten los accionistas con las costas.

*Resultando:* que dictado auto confiriendo traslado de la demanda al Fiscal, contesta que la cuestión se limita á fijar el alcance y extensión de la nota del número 58, Tarifa 2ª, y aceptando los hechos de la demanda añade que al posesionarse de la Isla el Gobierno Americano, en 18 de Octubre del 98, se hizo cargo de las obligaciones del Tesoro Insular, aunque estuvieran contraidas anteriormente y para cubrirlas, procedió al cobro de los impuestos pendientes de pago, viniendo á ser el Tesorero de Puerto Rico continuador de la anterior, alegando como derecho el artículo 4 de la Ley de Presupuestos de 1892, el Reglamento de Junio de 1893 con sus Tarifas, el número 58 de esa Tarifa y nota que no es más que una excepción; no impidiendo el venir figurando la Sociedad demandante en dicho número 58, Tarifa 2ª, en vez del número 3. Letra B, para que la Administración reclame lo que se le debe; siendo el recargo consecuencia de la falta, según el artículo 91 del Reglamento; no puede aceptarse que el fondo de reserva no está sujeto al impuesto, dado que la Ley, dice que las cantidades que han tributado al pasar al fondo de reserva no tributarán otra vez cuando se repartan entre los

claim being that paragraph 58, schedule 2, contains a note which reads: "Stock companies engaged in this business shall pay as such (*como tales*)", wherefore the claim is made under paragraph 3, schedule B. which reads: "Stock companies shall pay eight per cent of their net earnings" which was afterwards reduced to six per cent; that the plaintiff paid the tax claimed and instituted this action, 'which being admitted, the complaint is perfected; that from the four thousand three hundred and twenty-one *pesos*, and twenty-two *centavos* of the balance of 1898, the salaries of the board of directors must be deducted, as also the portion appertaining to the reserve fund, these items not constituting a net profit, the sum distributed being three thousand one hundred and twenty five *pesos;* and of the balance of 1899, that is to say nine thousand five hundred and seventy-eight *pesos*, and thirteen *centavos;* after making these deductions, only seven thousand five hundred *pesos* were distributed. The legal grounds stated in support of the action being: that payment was formerly made under paragraph 58, schedule 2, letter A; that the Treasurer had in view the note to paragraph 52 in deciding that it should pay as a "Sociedad Anónima" under paragraph 3, letter B., thereby construing the word *tales* (such) as having reference to stock companies, which is neither grammatical nor legal; that neither is it applicable to the two years, 1898 and 1899, the tax for said years having been collected and accepted by the Administration, the latter is estopped from denying its own acts; that the investigation concerning taxes should be confined to the current year and not extend to the previous years, according to article 105 of the Regulations, and were such investigation permissible it could not extend beyond October 18, 1898, when the American Administration was instituted; that the net earnings calculated by the Administration are not correct, earnings being only such as are divided among share holders; that the additional charge is arbitrarily imposed, according to section 2, article 149, paragraph 1, article 145 and article 105 of the Regulation: wherefore plaintiff prayed that the resolution objected to be set aside and judgment rendered declaring that "Luz Eléctrica" should be taxed only under paragraph 58, schedule 2, for the years 1898 and 1899, and the expired portion of the current year, and should the opinion of the Treasurer prevail, that it be adjudged to pay the new tax beginning only with the present years, said tax to be reckoned on the real net earnings, namely, such as are divided among the share-holders, and costs.

An order having been made referring the complaint to the *Fiscal*, he answered that the question depended upon the scope and construction that should be given to the note under paragraph 58, schedule 2, and accepting the facts as stated in the complaint, further stated that upon taking possession of the Island, on October 18, 1898, the United States Government had assumed the obligations of the Insular Treasury, although these had been

accionistas y termina solicitando se absuelva á la Administración, declarando bien dictada la resolución del Tesorero.

*Resultando:* que renunciada la prueba por una y otra parte, señalado día para la vista, se celebró el 26 de Julio.—Siendo Ponente el Sr. Juez Presidente, Don Juan R. Ramos.

*Considerando:* que aceptado el hecho de que la Sociedad Anónima "Luz Eléctrica", de San Juan, ha venido pagando desde que se constituyó en 1893, sesenta pesos anuales, con arreglo al número 58 de la Tarifa 2ª, en cuya matrícula se había clasificado con el asentimiento de la Administración pública, no es posible alterar en lo pasado ese tipo anual de contribución dado ese consentimiento, los ejercicios cerrados, aprobación de dichos presupuestos sin rectificación de la matrícula, su anual recaudación sin formar el oportuno expediente de comprobación en su correspondiente oportunidad.

*Considerando:* que habiendo cumplido anualmente la Sociedad Anónima "Luz Eléctrica" con lo previsto en el artículo 88 del Reglamento de 9 de Julio de 1893, ó sea la declaración expresiva de la industria, á cuya explotación se dedicaba la empresa, está exenta por los períodos de 1898 á 1899 y de 1899 á 1900 de la responsabilidad que le corresponda y establece el artículo 144, dado lo previsto en el 157 del citado Reglamento, pues aunque esté matriculado, se halla en Tarifa ó clase distinta á la que le corresponda el mencionado artículo la exime.

*Considerando:* que suplicando el Tesorero en 16 de Julio de 1900 á la "Luz Eléctrica" le informara las razones que existían para que la Empresa no pagase la contribución bajo la Tarifa 2ª, número 3, Sección B., modificada por el artículo 6 del Presupuesto, Ley de 1894-95, inició el expediente de comprobación al año económico de 1900 á 1901 y al fijar su criterio respecto al alcance de la nota que el número 58 de la Tarifa contiene respecto á la anualidad corriente, ha formado el expediente con los requisitos y condiciones que la ley exige para que dicha contribución sea satisfecha en el alcance y término de la nota antes referida, en lo que al corriente presupuesto se refiere.

*Considerando:* que dados los fundamentos anteriores, la Tesorería debe devolver á la "Luz Eléctrica" la cantidad cobrada de los dos presupuestos anteriores cerrados y terminados y percibir el de 1900 á 1901.

*Considerando:* que no existe temeridad dado que se accede á una de las peticiones de la demanda denegándose la otra, por lo que las costas deben imponerse sin especial condena.

*Fallamos:* que debemos declarar y declaramos con lugar esta demanda, con lugar, en cuanto á las cuotas por contribución señaladas á la "Luz Eléctrica", por los años económicos de 1898-99 y 1899-900 y recargo de dichos dos años, y sin lugar, en lo que se refiere á la cuota del año económico de 1900-1901 y en su virtud dicha Sociedad demandante debe pagar la

previously contracted, and in order to meet them it had proceeded to collect the outstanding taxes, the Treasurer of Porto Rico thus becoming the continuator of the former Treasury. In support of this view he cited, as legal authority, article 4 of the Appropriation Act of 1892; the Regulations for June, 1893, with the schedule thereof; paragraph 58 of said schedule and the note affixed thereto, which is only an exception; the fact of the company's being included under aforesaid paragraph 58, schedule 2, instead of paragraph 3, letter B., not preventing the Administration from claiming what it is entitled to; the additional charge being a result of the delinquency, according to article 91 of the Regulation. The allegation that the reserve fund is not subject to taxation cannot be sustained, inasmuch as it is provided by law that such sums as have paid taxes, upon being transferred to the reserve fund, shall not be taxed again when divided among share–holders. The *Fiscal* finally requested that the complaint be dismissed and the Treasurer's decision affirmed.

The introduction of evidence being waived by both parties, a day was set for the hearing, which was held on the 26th of July. Judge Juan R. Ramos rendered the opinion of the court as follows:

"Admitting the fact that the stock company "Luz Eléctrica", of San Juan, from the time it was constituted in 1893, has been paying an annual tax of sixty *pesos*, according to paragraph 58, schedule 2, under which it was classified with the consent of the Administration, this annual rate of taxation cannot be altered as regards the past by reason of said consent, besides its having reference to closed budgets, which had been approved without any amendment and annually collected without any proceedings being instituted in due time for a proper investigation.

The stock company "Luz Eléctrica" having complied with the requirements of article 58 of the Regulation of July 9, 1893, by reporting the class of industry in which it was engaged, it cannot properly be held responsible under article 144 of the Regulation for the periods covered by the fiscal years 1898-99 and 1899-1900, in view of the provisions of article 157 of said Regulation, because, although entered, it is under a different schedule or class from the one to which it belongs, and exempted by aforesaid article.

The Treasurer on July 16, 1900, requested the "Luz Eléctrica" to show why the Company should not pay taxes under schedule 2, paragraph 3, section B., modified by article 6 of the appropriation law of 1894-1895, and caused an investigation to be made reaching down to the fiscal year 1900-1901; and in giving his opinion as to the scope of the note to paragraph 58 of the schedule, with respect to the current annual quota, he instituted the investigation according to the requirements and conditions provided for by the law, so as to have the tax paid in conformity with the intention of said note so far as the current budget is concerned.

contribución de ese último año económico, como le ha fijado la Tesorería, de acuerdo con la nota puesta al número 58 de la Tarifa 2ª, debiendo la Administración devolver al demandante las que hubiese cobrado de los años económicos de 1898-99 y 1899-900, sin especial condena de costas.—Así por esta nuestra sentencia, lo pronunciamos, mandamos y firmamos.—Juan R. Ramos.—José R. F. Savage.—José de Guzmán Benítez".

*Resultando :* que notificada esta sentencia al Fiscal interino del Tribunal del Distrito de San Juan, Don Jesús Romeu y Cobián, y declarada nula dicha notificación por esta Corte Suprema, se notificó aquella personalmente al Hon. Attorney General de Puerto Rico que apeló de ella, y admitida la apelación libremente y en ambos efectos y elevados los autos á esta Superioridad, donde comparecieron oportunamente las partes, se substanció la apelación y se señaló día para la vista, que se celebró con asistencia del Fiscal de este Tribunal Supremo, Don Emilio del Toro, en representación del Hon. Attorney General, como apelante, y del defensor del apelado, el Abogado Don Manuel F. Rossy y Calderón.

Abogado del apelante : *Sr. del Toro*, Fiscal.

Abogado del apelado : *Sr. Rossy (Manuel F.)*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Considerando:* que es atribución inherente á toda Administración económica la facultad de corregir los errores y perseguir los fraudes que puedan cometerse por los contribuyentes en detrimento de las rentas públicas, y que esta facultad que le estaba reconocida expresamente al Jefe Superior de la Administración Económica de Puerto Rico, por el Artículo 98 del Reglamento aprobado para la imposición, administración y cobranza de la contribución industrial y de comercio, de 9 de Junio de 1893, autorizaba al Hon. Tesorero de Puerto Rico, como Jefe Superior de Hacienda de esta Isla para ordenar la instrucción del expediente

For the reasons above set forth, the Treasury should return to said "Luz Eléctrica" Company the sum collected under the two previous budgets, which were definitely closed, it being entitled only to the tax assessed under the corrected classification, for 1900-1901.

There has been no temerity, since one of the prayers of the plaintiff has been allowed, the other being overruled, wherefore there should be no special imposition of costs.

We adjudge that we should declare, and do declare, that the complaint lies as regards the tax assessed on "Luz Eléctrica" for the fiscal years 1898 1899 and 1899-1900 and the additional charge made thereon, but dismiss the same in so far as it relates to the tax apportioned for 1900-1901, plaintiff being required to pay for the latter year as assessed by the Treasury Department, in accordance with the note to paragraph 58 of schedule 2; the Administration to refund to the plaintiff such sums as have been collected on account of the fiscal years 1898-1899 and 1899-1900, without special imposition of costs. Thus by this our judgment, we pronounce, order and sign. Juan R. Ramos, José R. F. Savage, José de Guzmán Benitez."

Jesús Romeu y Cobián, Acting Fiscal of the District Court of San Juan, was notified of this judgment and said notification having been declared null and void by this Supreme Court, it was personally served upon the Attorney General of Porto Rico, who appealed therefrom to this Supreme Court. The appeal having been allowed, the record was forwarded to this court, where both parties appeared. The appeal was perfected and a day set for the hearing which took place in due time, Emilio del Toro, *Fiscal* of this court, representing the Attorney General, as appellant, and Manuel F. Rossy y Calderón, representing the respondent.

*Mr. del Toro, Fiscal,* for apellant.

*Mr. Manuel F. Rossy,* for respondent.

Mr. Chief Justice Quiñones, after making the above statement of the case, delivered the opinion of the court, as follows:

The findings of fact contained in the judgment appealed from, are accepted.

Among the powers inherent in all fiscal administrations is that of correcting errors and prosecuting frauds which may have been committed by tax-payers to the prejudice of

administrativo que estimó del caso, si creyó que en la clasificación de la Empresa de alumbrado "Luz Eléctrica" hubiera podido cometerse algún error ú ocultación en menoscabo de las Rentas del Tesoro Público.

*Considerando :* que si bien según la clasificación establecida en el número 58 de la Tarifa 2ª, que acompaña al citado Reglamento, bajo la letra A., las empresas de alumbrado eléctrico, á domicilio, debían contribuir bajo la base de población, con sesenta dollars anuales en esta Ciudad de San Juan y en las de Ponce y Mayagüez, ésto, no obstante, según la nota que existe al final del mismo número 58 "las Sociedades Anónimas de estas Empresas debían contribuir como tales", es decir, como tales Sociedades Anónimas, atendido el sentido gramatical de dicha nota y su interpretación más racional, pues no existía razón alguna para que esta clase de Sociedades estuviera exenta de contribuir, como las demás Sociedades, por acciones, comprendidas en el número 3 de la misma Tarifa 2ª, Letra B., bajo la base de sus utilidades líquidas; y que habiendo venido pagando la Sociedad Anónima denominada "Luz Eléctrica", desde su constitución hasta los años de 1898 y 1899, ambos inclusives, simplemente como Empresa de alumbrado eléctrico á domicilio y no como tal Sociedad Anónima, á razón del seis por ciento sobre sus utilidades líquidas, de conformidad con lo dispuesto por la Ley de Presupuestos para esta Isla, de 1894 á 95, es indudable que en la clasificación de esa Sociedad se había cometido un error en perjuicio de los intereses del Tesoro, que no por haber sido consentido por la Administración económica anterior dejaba de ser susceptible de rectificación y enmienda, toda vez que los errores cometidos en la formación de las matrículas de industriales y comerciantes eran rectificables en cualquier tiempo, á menos que instruído un expediente de defraudación, hubiera dictado la Administración una resolución absolutoria que causara estado, en cuyo caso no podría volver la Administración sobre su acuerdo, lo que no ha tenido lugar en el presente caso.

the revenues; this power wherewith the head of the Fiscal
Administration of Porto Rico was invested by article 98 of
the Regulation approved for the assessment, administration
and collection of taxes on industry and commerce, of June
9, 1893, authorized the Treasurer of Porto Rico, as chief of
the Insular Treasury, to order that the proper investigation
be instituted if he had reason to believe that in the classifi-
cation of the "Luz Eléctrica" Company there had been a
mistake or fraud committed to the detriment of the revenues
of the public Treasury.

Although according to the classification provided for in
paragraph 58 of schedule 2, accompanying the aforesaid
Regulation under letter A. electric lighting enterprises fur-
nishing electric light to residences, should pay upon the
basis of population an annual tax of sixty dollars in the
cities of San Juan, Ponce and Mayagüez, this notwithstand-
ing, pursuant to the note placed at the end of said para-
graph 58 "stock companies thus engaged, should pay
taxes as such", that is to say, as such stock companies
according to the grammatical sense of said note and to the
most logical interpretation thereof, for there was no reason
why this kind of corporations should be exempt from pay-
ing taxes upon the basis of their net earnings, as do other
stock companies included in paragraph 3 of said schedule
2, letter B. and inasmuch as the stock company "Luz Eléc-
trica" had been paying from the time of its establishment
down to the years 1898 and 1899, both inclusive, only as an
electric light enterprise for the supply of light and not at
the rate of six per cent. on its net earnings as a stock com-
pany in accordance with the terms of the appropriation law
for Porto Rico of 1894 to 1895, there is no doubt that in
the classification of said company an error had been com-
mitted to the detriment of the interests of the Treasury,
which, despite the fact of its having been assented to by
the previous fiscal Administration was susceptible of correc-
tion and amendment, since all errors committed in the

*Considerando :* que habiendo dejado de cumplir los gerentes de la "Luz Eléctrica" el precepto del artículo 91 del Reglamento que les imponía el deber de remitir á la Administración Central de Contribuciones y Rentas, copias certificadas de sus balances ó memorias anuales, dentro de los quince días siguientes á la aprobación de los mismos, y no siendo esta omisión disculpable bajo ningún concepto, toda vez que no debían desconocer las terminantes prescripciones del Reglamento, que regulaba la imposición, administración y cobranza de la contribución industrial y de comercio, han incurrido en la falta administrativa comprendida en el número 1 del artículo 145 del citado Reglamento y contraído la responsabilidad que establece el artículo 149 del mismo, que han servido de base á la resolución dictada por el Hon. Tesorero de Puerto Rico.

*Considerando:* que establecido el impuesto que debían pagar los Bancos y Sociedades por acciones comprendidos en el número 3 de la Tarifa 2ª, Letra B., bajo la base de las utilidades líquidas obtenidas por dichas Instituciones de Crédito, es indudable que cualquiera que fuera la distribución que con arreglo á sus estatutos debiera hacerse de dichas utilidades, el impuesto debía deducirse del total montante de las mismas, y por consiguiente que, tanto el dividendo que según la escritura de constitución de la "Luz Eléctrica" debía deducirse de las ganancias obtenidas para retribuir á los miembros de la Directiva de dicha Sociedad por su trabajo personal, como el que debía deducirse para formar el fondo de reserva de la Sociedad, debían entrar en el cómputo de las utilidades liquidas para pagar el impuesto establecido sobre ellas, como lo confirma la disposición que contiene en su último apartado el mismo número 3 de la Tarifa 2ª, al prescribir "que no se considerarán sujetas al impuesto, como utilidades líquidas, las que se repartan á los accionistas, tomándolas del fondo de reserva que hayan estado sujetas ya á tributación", de donde se deduce lógicamente la perfecta posibilidad de que esas utilidades, al ser

scheduling of industrial and commercial enterprises could be corrected at any time, unless upon an inquiry instituted by the Administration a final acquittal of the charge of fraud should have been pronounced, in which event the Administration could not reverse its own decision but such was not the case in the present instance.

The managers of "Luz Eléctrica" failed to comply with the provision of article 91 of the Regulation which imposed upon them the duty of forwarding to the Department of Taxes and Revenues, certified copies of its balance sheets and annual reports within fifteen days after the approval thereof, and inasmuch as such an omission admits of no justification whatever, since they could not be ignorant of the express provisions of the Regulation governing the assessment, administration and collection of taxes on industrial and commercial enterprises, said managers have been guilty of the administrative offense mentioned in paragraph 1 of article 145 of aforesaid Regulation, and incurred the liability provided for by article 149 thereof, upon which is based the decision of the Treasurer of Porto Rico.

The tax that should be paid by banks and stock companies included under paragraph 3 of schedule 2, letter B., having been fixed upon the basis of the net profits realized by such institutions of credit, there is no doubt that whatever distribution was to be made of said profits under its by-laws, the tax should be reckoned upon the total amount thereof, and that, therefore, both the dividend which according to the charter of "Luz Eléctrica" should be subtracted from the profits realized, to be distributed among the members of the Board of Directors for their personal labor, and the amount deducted for the purpose of forming the reserve fund of the association, should be included in the net profits in calculating the tax assessed upon said association, as is confirmed by the provision contained in the last clause of aforesaid paragraph 3, schedule 2, which reads: "Such profits as are deducted from the reserve fund

ingresadas en el fondo de reserva y antes de repartirse entre los accionistas, hubieran contribuido al pago del impuesto correspondiente.

*Considerando, por tanto*, que estando ajustada á las prescripciones del Reglamento que regía para la imposición, administración y cobranza de la contribución industrial y de comercio, la resolución dictada por el Hon. Tesorero de Puerto Rico, en 23 de Agosto del año de 1900, debe desestimarse la demanda interpuesta contra ella por el representante de la "Luz Eléctrica".

to be distributed among share-holders, that have already been subjected to taxation, shall not be considered taxable as net profits", whence it is logically to be inferred that these earnings, upon being paid into the reserve fund and before their distribution, among the share-holders, have in all probability paid their proportion of the tax.

Wherefore, the decision of the Treasurer of Porto Rico, dated August 23, 1900, being in conformity with the provisions of the Regulation that govern the assessment, administration and collection of the tax on industrial and commercial enterprises, the action prosecuted by "La Luz Eléctrica" against the Administration should be dismissed.

In view of the legal provisions cited, and the judment rendered by the Court of Administrative Litigations, of Madrid, March 3, 1896, we adjudge that we should reverse, and do reverse the judgment appealed from, and dismiss the complaint filed against the Administration by Ramón Valdés, acting as representative of the stock company known as "Luz Eléctrica", without special imposition of costs.

Justices Hernández, Figueras, Sulzbacher and MacLeary, concurred.